## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| ISELA V. MARQUEZ and FERNANDO MARQUEZ, as plenary co-guardians of CHLOE MARQUEZ, a disabled person, | |
| | Case No. 21-cv-3357 |
| Plaintiffs, | |
| | Judge Mary M. Rowland |
| v. | |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Isela V. Marquez and Fernando Marquez, as plenary co-guardians of Chloe Marquez ("Chloe"), a disabled person, bring this suit against Defendant Board of Trustees of the University of Illinois for alleged violations of Title III of the Americans with Disabilities Act ("ADA"), §504 of the Rehabilitation Act, and §1557 of the Patient Protection and Affordable Care Act ("ACA"). Before the Court is Defendant's motion to dismiss [8] for lack of standing under F. R. Civ. P. 12(b)(1) and failure to state a claim under F. R. Civ. P. 12(b)(6). For reasons stated herein, Defendant's Motion to Dismiss is granted in part and denied in part. Plaintiffs are given leave to amend consistent with this opinion by February 21, 2022. If no amended complaint is filed, Defendant shall answer the complaint by February 28, 2022.

### I.   Background

The following factual allegations are taken from the Amended Complaint (Dkt. 7) and are accepted as true for the purposes of the motion to dismiss. *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016). Chloe, a 22-year-old woman with cerebral palsy, dysphagia and a gastronomy tube, has a history of depression that requires intervention through inpatient or outpatient treatment at times. Dkt. 7 at ¶ 4. She generally requires a power wheelchair for mobility but can ambulate short distances. Further, she utilizes an iPad to communicate using text-to-speech and a symbol-supported communications app. *Id.* at ¶ 9.

Defendant Board of Trustees of the University of Illinois exercises final authority over UI Health ("UI Health"), the hospitals and healthcare system operated by the University of Illinois. UI Health operates a Medicare and Medicaid enrolled acute-care hospital and other services in Chicago, Illinois. *Id.* at ¶ 6. Further, "UI Health utilizes a multidisciplinary team of experts including psychiatrists, neurologists, occupational therapists, and social workers. UI Health treats the following mental health conditions: anger management; anxiety; attention deficit disorder; bipolar disorder; depression; eating disorders; learning disabilities; mood changes; obsessive compulsive disorder; panic disorder; post-traumatic stress; schizophrenia; sleep disorder; and substance abuse." *Id.*

On June 22, 2019, Chloe's mother noticed an abrasion on Chloe's neck, and Chloe told her mother she attempted suicide. *Id.* at ¶ 10. The next day, Chloe demonstrated concerning behavior to her parents and after consulting with Chloe's psychiatrist, they took Chloe to Northwestern Memorial Hospital's ("NMH") emergency

2

department. After consultation, NMH's psychiatry acute crisis intervention team learned that Chloe started having suicidal ideations on June 10, 2019, and recommended inpatient and involuntary admission. *Id.* at ¶¶ 11–12. At that time a "crisis intervention team social worker" searched for a mental and behavior health hospital that would admit Chloe. *Id.* at ¶ 13. When the social worked called UI Health, an unnamed UI health employee informed the social worker that the hospital could not accept Chloe due to "high acuity already on unit, Chloe's aggression, and her limited ability to communicate." *Id.* Chloe is currently participating in an outpatient care program through Northwestern Medicine. She lives 29 miles from UI Health. *Id.* at ¶ 8.

Isela Marquez and Fernando Marquez ("the Marquezes") sue on behalf of Chloe alleging UI Health violated Title III of the Americans with Disabilities Act ("ADA") (Count I), § 504 of the Rehabilitation Act (Count II), and § 1557 of the Patient Protection and Affordable Care Act ("ACA") (Count III). *See* Dkt. 7. Plaintiffs seek injunctive relief in all three counts; Plaintiffs seek compensatory damages for the pain and suffering caused by the violation of the Rehabilitation Act (Count II) and the Patient Protection and Affordable Care Act (Count III). Before the Court is Defendant's motion to dismiss for lack of standing to seek injunctive or compensatory damages under F. R. Civ. P. 12(b)(1) and for failing to state a claim under F. R. Civ. P. 12(b)(6). *See* Dkt. 8.

## II.  Standard

A motion to dismiss tests the sufficiency of a complaint, not the merits of the case. *Gibson v. City of Chi.,* 910 F.2d 1510, 1520 (7th Cir. 1990). "To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quotations and citation omitted). *See also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."). A court deciding a Rule 12(b)(6) motion accepts plaintiff's well-pleaded factual allegations as true and draws all permissible inferences in plaintiff's favor. *Fortres Grand Corp. v. Warner Bros. Entm't Inc.,* 763 F.3d 696, 700 (7th Cir. 2014). A plaintiff need not plead "detailed factual allegations", but "still must provide more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action for her complaint to be considered adequate under Federal Rule of Civil Procedure 8." *Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016) (citation and internal quotation marks omitted).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558, 127 S. Ct. 1955, 1966 (2007). Deciding the plausibility of the claim is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 679, 129 S. Ct. 1937, 1950 (2009)).

Federal Rule of Civil Procedure 12(b)(1) "provides for dismissal of a claim based on lack of subject matter jurisdiction, including lack of standing." *Stubenfield v. Chicago Housing Authority*, 6 F. Supp. 3d 779, 782 (N.D. Ill. 2013) (citing *Retired Chicago Police Ass'n. v. City of Chicago*, 76 F.3d 856 (7th Cir. 1996)). On a facial 12(b)(1) challenge the Court should accept all material allegations of the complaint as true. *See Silha v. ACT, Inc.*, 807 F.3d 169, 174 (7th Cir. 2015) ("when evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly-Iqbal's* 'plausibility' requirement.").

### III. Analysis

#### A. Standing

To establish Article III standing, plaintiffs must show they have suffered "'(1) a concrete and particularized injury in fact (2) that is fairly traceable to the challenged action of the defendant, and that is (3) likely to be redressed by a favorable judicial decision.'" *Gaylor v. Mnuchin,* 919 F.3d 420, 425 (7th Cir. 2019) (quoting *Freedom from Religion Foundation, Inc. v. Lew,* 773 F. 3d 815, 819 (7th Cir. 2014). If a plaintiff cannot establish standing, dismissal under 12(b)(1) is appropriate. *Am. Fed'n of Gov't Employees v. Cohen,* 171 F.3d 460, 475 (7th Cir. 1999). Defendant argues that Plaintiffs fail to meet the injury requirement for injunctive relief under all three counts or for damages under the Rehabilitation Act and the ACA The Court considers these arguments in turn. Dkt. 8 at 3.

##### 1. Injunctive Relief

Under the ADA, "a plaintiff must allege 'past injury under the ADA'; show that 'it is reasonable to infer from her complaint that this discriminatory treatment will continue'; and show that 'it is also reasonable to infer, based on the past frequency of her visits and proximity of the public accommodation to her home, that she intends to return to the public accommodation in the future.'" *Scherr v. Marriott Int'l. Inc.*, 703 F.3d 1069, 1074 (7th Cir. 2013).

Plaintiffs assert that Chloe has depression and "will likely from time to time require intervention or treatment on an inpatient or outpatient basis" and if UI Health complies with the law, she "intends to return to the hospital." Dkt 7 ¶ 8. Plaintiffs do not allege any facts that Chloe sought treatment at UI Health before the incident at issue or since. Plaintiffs argue standing to seek injunctive relief requires only an "intent" to return. Dkt. 12 at 4. Defendant counters that Plaintiffs' "someday intentions" for Chloe to return to UI Health are insufficient to meet establish standing. The Court agrees.[1]

In *Scherr*, the Seventh Circuit held that plaintiff, an elderly woman who used a walker, had standing to seek injunctive relief under the ADA against a hotel after being injured at that hotel because she pled facts that implied a specific plan to return

---

[1] The Plaintiffs have several nearly identical cases pending. *See Isela Marquez, et. al., v. BHC Streamwood Hospital, Inc.,* 20-cv-4267; *Isela Marquez, et. al., v. OSF Healthcare Systems,* 21-cv-3359; *Isela Marquez, et. al., v. Silver Oaks Behavioral LLC, 2*1-cv-3361; *Isela Marquez, et. al., v. Aurora Chicago Lakeshore Hospital, LLC,* 21-cv-3365; *Isela Marquez, et. al., v. Riveredge Hospital, Inc.,* 21-cv-3369; *Isela Marquez, et. al., v. Palos Community Hospital, Inc.,* 21-cv-3142. The only one to consider a motion to dismiss on similar grounds reached this same result. *See Marquez v. BHC Streamwood Hosp., Inc.,* 20-CV-4267, 2021 WL 4282948 *4 (N.D. Ill. Sept. 21, 2021) ("Notably missing from Plaintiffs' complaint are any facts suggesting that they had ever before sought care at Streamwood or will again in the future … Plaintiffs therefore have not alleged an injury in fact that would entitle them to prospective injunctive relief.")

if the ADA violations were cured. *Scherr,* 703 F.3d at 1074. The plaintiff in *Scherr* alleged that she had an upcoming wedding to attend near the hotel and that she frequented the area because of nearby family. *Id.* In contrast, the court held Scherr did not have standing to sue 56 other Courtyard Marriott hotels with the same ADA compliance issue because she did not plead an adequate intent to visit those hotels. ("…[Scherr] does not show an intent even to return to any geographic area where another Courtyard Marriott is located.") *Id.* at 1075.

Plaintiffs' statement that Chloe "intends" to return to UI Health is not sufficient to establish standing. Plaintiffs have not pled that Chloe sought treatment at UI Health before or after the date at issue. To the contrary, the Complaint acknowledges that Chloe is presently receiving mental health care at Northwestern University Hospital on an outpatient basis. *See Ayling v. Memorial Health System*, 2019 WL 2234061, at *3 (C.D. Ill. May 23, 2019) (needing "continued care" after a surgery that took place at a specific hospital does not establish that plaintiff will need care or would return to that hospital again.); *Jeuch v. Children's Hospital and Health System, Inc.,* 353 F. Supp. 3d 772, 786-87 (E.D. Wis. 2018) (mother who communicated primarily through sign language suing hospital where she brought her children on multiple occasions because of hospital's poor auditory and translation accommodations did not have standing to request injunctive relief simply because her children were likely to get referrals to the hospital in the future where plaintiff did "not point to any upcoming event that creates a concrete and particularized likelihood that her return to Children's emergency department, or that a need for one of her

children to be hospitalized there, is actual and imminent.") The Plaintiffs' statement that Chloe "intends" to seek treatment at UI Health does not give rise to standing to seek injunctive relief under any of the three statutes that form the basis of the Complaint.

Relying primarily on Ninth Circuit caselaw, Plaintiffs assert that "[c]ourts also recognize deterrence as an injury-in-fact sufficient to confer standing for prospective relief." (Dkt. 12 at 4-5). The Plaintiffs ignore the fact that in each of the cases they cite the plaintiff visited the defendant's location prior to filing suit and experienced a barrier based on their disability. That established an *injury-in-fact*. The question then was whether the plaintiff could seek prospective injunctive relief based on an intent to return. *Id.,* citing *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 953 (9th Cir. 2011) (en banc) (dismissing the case because Plaintiff failed to establish standing, the court found an ADA plaintiff who encountered one barrier on a visit to the store "may, in one lawsuit, pursue an injunction to remove *all* accessibility barriers related to his disability that he is likely to encounter at a place of public accommodation to which he intends to return"); *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1136-37 (9th Cir. 2002) (the plaintiff had encountered accessibility barriers on *past visits* to the Paradise market); *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1041 (9th Cir. 2008) (plaintiff had *visited the 7–Eleven store* on ten to twenty prior occasions, that he is currently deterred from visiting the store because of its accessibility barriers, that the store is conveniently located near his favorite fast food

8

restaurant in Anaheim). That is not the scenario here. Chloe has never been to UI Health and has failed to adequately allege an intent to return.

Plaintiffs' complaint does not contain any facts suggesting that UI Health continues to be in violation of the ADA or that Plaintiffs have attempted to return to UI Health but were denied services based upon Chloe's disability. Without that, Plaintiffs cannot obtain prospective injunctive relief. *See Scherr,* 703 F.3d at 1074.

Therefore, Plaintiffs have not alleged an injury in fact that would entitle them to prospective injunctive relief, therefore the requests for injunctive relief in all counts is denied. Because Count I only requests injunctive relief, Count I is dismissed without prejudice.[2]

### 2. Compensatory Damages

Putting aside injunctive relief, monetary damages may be available for Plaintiffs' remaining claims. Defendant seems to argue that Plaintiffs lack standing because there is no continuing discriminatory treatment and because the one instance in June 2019 is insufficient to qualify as an injury. Dkt. 12 at 6. ("[T]he amended complaint boils down to one isolated instance, where one third party independent social worker allegedly contacted [UI Health] and was alleged told that Chloe could not be admitted.") Defendant asserts that a third-party informing the Plaintiffs about the alleged discrimination is insufficient to plead an injury to plaintiffs. We address each argument in turn.

---

[2] "Unfortunately, an injunction is the only remedy authorized for private parties suing under the ADA for discrimination in public accommodations. 42 U.S.C. § 12188(a)(1). Money damages are not available." *Mims v. Rodeway Inn & Suites*, 2019 WL 1283867, at *1 (W.D. Wis. Mar. 20, 2019), case dismissed, No. 19-1616, 2019 WL 4875477 (7th Cir. July 26, 2019).

First, Plaintiffs' have pled that they sought treatment at UI Heath and were denied "because of Chloe's disabilities." Dkt. 7 at ¶ 26. Though vague, this is a sufficient injury at this stage of proceedings. *See Carter v. City of Chicago,* 520 F. Supp.3d 1024, 1033 (N.D. Ill. 2021) ("In order to recover compensatory damages … under … Rehabilitation Act [§ 504], a plaintiff must allege intentional discrimination, which can be established by a showing of deliberate indifference."). Plaintiffs adequately allege that UI Health's "discriminatory refusal to accept Chloe as a patient, on the basis of her physical disabilities, was intentional and done so with deliberate indifference as to Chloe's federally protected civil and legal rights." Dkt. 7 at 10.

Second, Defendant argues that Plaintiffs being told the UI Health denied them care by a third-party source and not the hospital itself, qualifying it as hearsay, is not enough to establish jurisdiction. At this stage, "most courts have found that hearsay is properly considered" in determining whether Plaintiffs have established jurisdiction. *Tekway Inc. v. AT&T Services, Inc.,* 2021 WL 916080, at *3 (N.D. Ill. Mar. 10, 2021). Therefore, the Court considers the hearsay allegation in concluding that Plaintiffs have established jurisdiction to seek compensatory damages under Count II (Rehabilitation Act) and Count III (Affordable Care Act).

### B. Plaintiffs have stated a claim

Section 504 of the Rehabilitation Act provides: "No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under

any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794(a). Four elements must be satisfied to establish a violation of Section 504: (1) the plaintiff must be a handicapped individual as defined by the Act; (2) the plaintiff must be "otherwise qualified" for participation in the program; (3) the program must receive federal financial assistance; and (4) the plaintiff must have been "denied the benefits of the program solely because of his handicap." *See Mallett v. Wisconsin Div. of Vocational Rehabilitation*, 130 F.3d 1245, 1257 (7th Cir. 1997). Additionally, "[f]or disability-discrimination claims, the ACA incorporates the substantive analytical framework of the [Rehabilitation Act]." *Francois v. Our Lady of the Lake Hospital, Inc.,* 8 F.4th 370, 378 (5th Cir. 2021) (citing *Doe v. BlueCross BlueShield of Tenn., Inc.,* 926 F.3d 235, 239 (6th Cir. 2019)). Therefore, this Court analyzes Counts II and III together.

Defendant only challenges the fourth requirement because "based on the plaintiffs' own pleadings, Chloe was not denied admittance solely because of her disability." Dkt. 14 at 10. Defendant relies on *A.H. by Holzmueller v. Illinois High Sch. Ass'n*, 881 F.3d 587, 593 (7th Cir. 2018), where the court held that to survive summary judgment a plaintiff must have proof of but-for causation to establish a § 504 violation. While Plaintiffs allege that UI Health was unable to accept Chloe for reasons other than her disability ("high acuity already on the unit, Chloe's aggression, and her limited ability to communicate") (Dkt. 1 ¶ 13), Plaintiffs also allege that "Defendant has, *solely* on the bases of Plaintiff's disabilities, denied Plaintiff access to its services and facilities, excluded Plaintiff from participating in

its services, denied Plaintiff the benefit of its services and subjected Plaintiff to discrimination … all of which have resulted in injury to Plaintiff." Dkt. 7 ¶ 27 (emphasis added). Plaintiffs will be required to establish that "but for" Chloe's disability she would have been accepted into the unit at UI Health, but this is not a question at the pleadings stage. *See Reed v. Columbia St. Mary's Hosp.,* 782 F.3d 331, 337 (7th Cir. 2015) (holding that allegations at the pleading stage "permit an inference of intentional discrimination sufficient to support a claim for compensatory damages" and therefore are "sufficient to withstand dismissal.") For these reasons, Defendant's motion based upon failure to state a cause of action is denied.

Plaintiffs may pursue their claims under Count II and Count III to the extent they seek non-injunctive relief.

### III.    Conclusion

For the stated reasons, Defendants Motion to Dismiss [8] is granted in part and denied in part. Count I is dismissed. Plaintiffs' request for injunctive relief in Counts II and III is also dismissed. The motion is otherwise denied. Plaintiffs are given leave to replead by February 21, 2022, if they believe they can plead facts that establish standing to seek injunctive relief so consistent with this opinion and the Federal Rules of Civil Procedure. If no amended complaint is filed, Defendant shall answer the complaint by February 28, 2022.

ENTER:

Dated: February 3, 2022

_____
MARY M. ROWLAND
United States District Judge